ELIAS ALLISON v. THOMAS P. NASH.

A suit on a judgment of a Court of record of another State is barred in ten years ; not sooner.

Error from Lamar. Tried before the Hon. William S. Todd.

*Jno. T. Mills*, for plaintiff in error, cited Fessenden v. Barrett, 9 Tex. R. 475 ; Clay v. Clay, 13 Id. 195 ; Reid v. Boyce, Id. 241.

*Morrill & Dickson,* for defendant in error. To determine whether or not a foreign judgment is barred in four years, we must decide these two propositions. 1st. Is it an action of debt. 2nd. Is is grounded upon a contract in writing.

The first question admits of no argument. The plaintiff has brought an action of debt, and it is difficult to conceive how he could have brought any other action than debt, upon his cause of action, as it is for a sum due and owing, for which he sues. The plaintiff is, therefore, estopped by the record, from saying it is not an action of debt.

The second proposition will appear equally conclusive upon a slight examination. A contract is defined to be " every description of agreement or obligation whereby one party becomes bound to another to pay a sum of money or perform or omit to do a certain act." (Chitty on Con. 1 ; Powell on Con. 6.) The highest kind of express contracts are those of record, such as judgments. (Bouvier, 231 ; 2 Blackstone, 465 ; 1 Chitty's Pleadings, 111, 370.) These authorities make the judgment a contract, and it is presumed that the judgment was written, otherwise it could not be copied. The result of the whole matter is that a judgment is a " debt grounded upon a contract in writing," and is therefore ranked among the description of actions that are barred in four years. (See McElmoyle v. Cohen, 13 Peters, R. 330 ; Cameron v. Wurtz, 4 M'Cord, 278 ; Brengle v. McClellan, 7 Gill & Johns. 474 ; Hubbell v. Coudry, 5 Johns. 132 ; Bissell v. Hall, 11 Johns. 167.)

It is not doubted but that the Legislature had power to make general rules, and exceptions to these general rules. The second Section of the Act of Limitations plainly shows that the Legislature intended to make a distinction between a foreign and a domestic judgment,—and this Section, as well as the Articles 1622, 1625—1629, clearly show that the Legislature have ever intended to put the lowest possible estimate upon a foreign judgment.

HEMPHILL, CH. J.   In Clay v. Clay, 13 Tex. R. 195, this Court decided that a judgment of a Court of Record of another State of the United States, was barable only by the space of time which would cut off a suit on a domestic judgment of a Court of Record, viz : ten years.   The charge to the jury in this case, that the limitation of four years would apply to such judgment, was erroneous ; and it is therefore ordered that the judgment be reversed and the cause remanded for a new trial.

Reversed and remanded.